

**IT IS ORDERED as set forth below:**

**Date: July 22, 2020**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-62370-WLH |
| | ) | |
| CONNIE SANDERS, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | JUDGE WENDY L. HAGENAU |
| | ) | |

### ORDER AUTHORIZING AND DIRECTING MEDIATION

In a motion filed by the parties on July 21, 2020 [Docket No. 60], S. Gregory Hayes, the Chapter 7 Trustee, and the Parties (as defined in the Motion Requesting Mediation) requested that disputes between them be dealt with in mediation. It appears that the most productive form of mediation is to designate a current bankruptcy judge with no assignment or responsibility for these proceedings as a settlement judge to serve as a neutral mediator and that Bankruptcy Judge Mary Grace Diehl of this Court is qualified and suitable to serve in that capacity. For good cause shown, it is hereby **ORDERED** as follows:

1. The parties to this matter shall mediate the issues and disputes presented in this contested matter. Bankruptcy Judge Mary Grace Diehl is hereby designated as a settlement judge with regard to this matter for the purpose of conducting mediation proceedings as the

1

        neutral mediator. Such mediation should be conducted at a time and place in accordance with procedures mutually agreed upon by the parties and Judge Diehl.

2. Because Judge Diehl will be serving as a neutral mediator in this matter and because the nature of the mediation process requires *ex parte* contacts and communications between the neutral mediator and each of the sides, the prohibitions of Fed. R. Bankr. P. 9003 do not apply to communications among the parties, their attorneys, and Judge Diehl in connection with the mediation proceedings.  The parties and their attorneys may, therefore, have *ex parte* communications with Judge Diehl in her capacity as the neutral mediator in connection with the mediation proceedings.

3. All communications made by the parties or their attorneys to each other or to Judge Diehl in connection with the mediation process, the conduct and demeanor of the parties and their counsel during the mediation, and any documents prepared or produced in connection with the mediation process, including Judge Diehl's notes or records, shall be confidential and shall not be admissible in evidence or the subject of any discovery in any proceeding (unless admissible or discoverable without regard to the mediation).  The mediation sessions and any conferences or proceedings in connection therewith shall be treated as compromise negotiations for purposes of the Federal Rules of Evidence, the Georgia Rules of Evidence or any other rules of evidence of any jurisdiction.  No record will be made of the mediation proceedings.  Judge Diehl is disqualified from appearing as a witness in any matter and shall not be called as a witness, with regard to the mediation or any matter arising out of or related thereto.

### END OF ORDER ###

# DISTRIBUTION LIST

T. Owen Farist
GDCR
49 Atlanta Street
Marietta, GA 30060

S. Gregory Hays
Chapter 7 Trustee
2964 Peachtree Rd, Ste 555
Atlanta, GA 30305

Michael J. Bargar
Arnall Golden Gregory, LLP
171 17th St NW, Ste 2100
Atlanta, GA 30363

Connie Sanders
1196 Lincoln Drive
Marietta, GA 30066

Ian M. Falcone
The Falcone Law Firm, P.C.
363 Lawrence Street
Marietta, GA 30060

Will B. Geer
Wiggam & Geer, LLC
50 Hurt Plaza SE, Ste 1150
Atlanta, GA 30303

Mighty Oak Group, LLC
c/o Marcus Whiteside
1880 West Oak Pkwy, Ste 103
Marietta, GA 30062

Office of the US Trustee
362 Richard Russell Bldg
75 Ted Turner Dr SW
Atlanta, GA 30303